# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ROBERT SMITH,**
**D.O.C. # 789293,**

      **Plaintiff,**

**vs.**                                                    **Case No.  4:24cv31-WS-MAF**

**JOHN DOE,**
**WAKULLA C.I.,**
**GOV. JOHN DOE, et al.,**

      **Defendants.**
_____/


## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding pro se, submitted a handwritten "emergency"

civil complaint.  ECF No. 1.  As it turns out, there has been no emergency,[1]

and Plaintiff has abandoned this litigation.

Upon review of the initial complaint, ECF No. 1, an Order was

entered on January 25, 2024, advising Plaintiff of four problems with this

case.  ECF No. 3.  First, Plaintiff was required to file an amended complaint

---

[1] Plaintiff's initial complaint was titled as an "emergency" but no facts were presented which reveal an emergency situation.  Plaintiff was warned not to use that designation unless a true emergency situation exists in which time is of the essence.

on the Court form as required by the Local Rules of this Court, and directed to omit a claim of "emergency" unless such a situation truly existed.  *Id.* Plaintiff's deadline was no later than **February 26, 2024**, but nothing further has been received.  if there is a basis to continue this case.

Additionally, Plaintiff did not pay the filing fee for this case, a fact that is particularly relevant because Plaintiff is not entitled to in forma pauperis status as he has three "strikes" pursuant to 28 U.S.C. § 1915(g).  The Court takes judicial notice that Plaintiff is incarcerated in the Florida Department of Corrections.  ECF No. 1.  Plaintiff's inmate number is 789293.  *Id.* at 9, 11.  Plaintiff previously filed civil rights actions which have been dismissed on the grounds that they were frivolous, malicious, failed to state a claim, or sought monetary relief from a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).  Case number 3:14cv231-MCR-CJK was dismissed for failure to state a claim on April 15, 2016.  Case number 1:08cv22486 was dismissed on March 6, 2009, also for failure to state a claim.  Plaintiff's appeal of that dismissal was affirmed by the Eleventh Circuit, finding there was "no merit" to Plaintiff's arguments on appeal.  Those three dismissals count as "strikes" under § 1915(g).  In

each case, the undersigned has confirmed that the case was filed by

Plaintiff Robert Smith, inmate number 789293.

Plaintiff has also, on numerous occasions, been denied in forma

pauperis status on the basis that he is a "three striker."  *See* ECF Nos. 4

and 9 of case # 5:16cv259-MP-CJK; *see* ECF No. 8 of case #

1:12cv21285-UU (Southern District of Florida); *see* case # 2:13cv14488-

JEM (Southern District of Florida); and *see* case No. 4:19cv514-MCR-CAS

(Northern District of Florida).  Plaintiff has also had a case dismissed as

"abuse of the judicial process" for failing to disclose that he was a "three

striker."  *See* case # 3:12cv377-LAC-EMT.

Plaintiff knows full well that he is not entitled to proceed without

payment of the filing fee pursuant to 28 U.S.C. § 1915(g)[2] unless his

complaint alleged facts showing he was in "imminent danger of serious

physical injury."  That fact points to the final deficiency with this case - there

are no allegations in the initial complaint which show that Plaintiff faces any

danger of serious physical injury.  Instead, Plaintiff sought to bring a claim

---

[2] That statute provides that a prisoner may not bring a civil action in forma pauperis
under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or
appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to
state a claim upon which relief may be granted, unless the prisoner is under imminent
danger of serious physical injury."  28 U.S.C. § 1915(g).

against a John Doe "head chaplain" for the Florida Department of

Corrections.  ECF No. 1 at 3.  Presumably that person works at the

Department's Central Office and, thus, is not physically located with

Plaintiff.  Plaintiff also names unidentified Defendants at Wakulla

Correctional Institution.  *Id.*  Again, Plaintiff is not housed with those

persons because Plaintiff is currently housed at Graceville Correctional

Facility.  Plaintiff also lists the "John Doe" Governor as a Defendant.  That

individual, Ron DeSantis, is also not located with Plaintiff.  In short, Plaintiff

cannot demonstrate "imminent danger" from any of the persons listed as

Defendants because none of them are located with the Plaintiff.

Because Plaintiff has not filed an amended complaint nor paid the

$405.00 filing fee for this case by the deadline provided, this case could

now be dismissed for failure to prosecute.  Yet it is more appropriate to

dismiss this case without prejudice because Plaintiff did not submit the

filing fee at the same time the complaint was submitted, and Plaintiff is not

entitled to pay the filing fee in deferred monthly payments.  Dupree v.

Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must

be dismissed without prejudice when an inmate who is subject to § 1915(g)

does not pay the filing fee at the time he initiates the suit).  "The prisoner

cannot simply pay the filing fee after being denied in forma pauperis

status." *Id.*

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED**

**without prejudice** to Plaintiff's refiling this action (on the Court's civil rights

complaint form) if Plaintiff simultaneously submits the $405.00 filing fee.  It

is also **RECOMMENDED** that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on March 8, 2024.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES
**Within fourteen (14) days after being served with a copy of this Report
and Recommendation, a party may file specific written objections to these
proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  Any
different deadline that may appear on the electronic docket is for the Court's
internal use only and does not control.  If a party fails to object to the
Magistrate Judge's findings or recommendations as to any particular claim or
issue contained in this Report and Recommendation, the party waives his
right to challenge on appeal the District Court's order based on the
unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C.
§ 636.**

Case No. 4:24cv31-WS-MAF